UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:09CV33SNLJ |
| $14,448.00 U.S. CURRENCY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the claimant's motion for judgment on the pleadings (#9), filed June 19, 2009. Responsive pleadings have been filed and the matter is now ripe for disposition.

## I. LEGAL STANDARD

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which requires the Court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in [its] favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir.2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id*. It is the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

## II. DISCUSSION

On March 26, 2009, plaintiff United States of America filed a Verified Complaint of Forfeiture (#1) against defendant $14,448.00 U.S. Currency. Plaintiff alleges that the defendant

property is subject to forfeiture to the United States of America, under the provisions of Title 21, United States Code, Section 881(a)(6) "as money furnished or intended to be furnished in exchange for a controlled substance and/or constitutes proceeds traceable to such an exchange and/or is money used or intended to be used to facilitate a violation of Title 21, United States Code, Section 841(a)(1)."

The facts stated in plaintiff's complaint are as follows:

> On November 11, 2008, a vehicle stop was executed by a Stoddard County deputy on a gray 2004 Pontiac Grand Am after it was observed traveling eastbound on Highway 60 near Dexter, Missouri with improper registration. The driver of the vehicle, John M. Bradley of Poplar Bluff, claimed the vehicle had recently been purchased and that he was taking his child to the hospital in Cape Girardeau. His girlfriend was a passenger in the vehicle with the infant child. While seated in the patrol car, Bradley was arrested after the deputy learned Bradley did not possess a valid driver's license. The vehicle was searched incident to the arrest and a small amount of marijuana was seized from the floorboards of the vehicle. In the back seat, a blue and gray backpack was checked and found to contain men's clothing and four Crown Royal bags containing U.S. currency. The passenger (girlfriend) estimated the money at $12,000 and said the money was savings for a house. She was arrested on state drug charges and found to possess $302.00. Bradley had $455.00 on his person. All the money was counted and totaled $14,448.00. After an interview with Bradley raised suspicion that Bradley was not being truthful about the origin of the currency or its purpose for being in the vehicle and a Stoddard County drug canine "alerted" to the money, DEA seized said $14,448.00 in U.S. currency.

Claimant John Bradley submitted this motion for judgment on the pleadings relying on the recent decision of the Supreme Court in *Arizona v. Gant*, 556 U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), decided April 21, 2009, less than six months after the arrest and less than one month after the filing of the complaint. In that decision, the Supreme Court clarified that when an individual is arrested in the patrol car, the police officers may not search the individual's car incident to that arrest unless there is an actual and continuing threat to their safety or a need

to preserve evidence incident to the arrest. This recent decision, claimant argues, serves to render the search of claimant's car and seizure of currency unlawful. This Court agrees.

The circumstances of *Arizona v. Gant* are strikingly similar to the facts alleged in the instant case. Gant was arrested for driving on a suspended license, handcuffed, and placed in a patrol car, all before officers searched his car and found cocaine in a jacket pocket. Here, claimant Bradley was arrested while sitting in the patrol car after it was discovered that he did not have a license. Only after Bradley was arrested did a deputy search the vehicle and discover the currency at issue. According to *Gant*, a search incident to the arrest in this case can lawfully be made only in response to (1) a continuing threat to the officer's safety, or (2) a need to preserve evidence incident to the arrest. *Gant*, 129 S.Ct. at 1717. If either of these two conditions are not satisfied, then there must be some further justification outside of a "search incident to the arrest" for the search to be lawful. *Id*. On the face of the complaint, here, neither condition is met. As such, the search incident to arrest exception to the warrant requirement does not apply.

Furthermore, the complaint here appears to have been brought in violation of 18 U.S.C. § 981(b)(2), which provides that any property subject to forfeiture to the United States must be "made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." There are exceptions to this rule, however, where "there is probable cause to believe that the property is subject to forfeiture and— the seizure is made pursuant to a lawful arrest or search; or another exception to the Fourth Amendment warrant requirement would apply." 18 U.S.C. §981(b)(2)(B). Having determined that there was not a lawful search incident to arrest, the Government must identify a different exception to the Fourth Amendment warrant requirement to make the forfeiture lawful. The other possible

exceptions are (1) plain view, (2) inventory search, (3) exigent circumstances, or (4) inevitable discovery. However, the facts set out in the complaint and viewed in the light most favorable to plaintiff, do not even purport to address or invoke these exceptions to the warrant requirement, which is understandable given the fact that *Gant* was decided after the complaint was filed. Instead, the complaint is drafted as if the plaintiff is proceeding solely on the search incident to arrest exception that is no longer valid under *Gant*. And indeed, the complaint alleges, in effect, that the search and seizure was conducted unlawfully. As such, the complaint must be dismissed.

Claimant Bradley also argues that the complaint must be dismissed for the additional reason that the money was seized by a state official under the auspices of state law, and that under sec. 513.647 RSMo 2004, a state judge cannot authorize a transfer of property seized by a state or local agency to a federal agency "unless the violation would be a felony under Missouri of federal law." To decide the case on these grounds, however, would be to introduce facts alleged by claimant that are not present on the face of plaintiff's complaint. In particular, and contrary to the claimant's argument, the complaint does not state that the money was seized by a state official, but rather by the DEA. Again, because this is a motion to dismiss on the pleadings, this Court is constrained by the allegations in the complaint itself and must not consider allegations extraneous to the complaint. For this reason, claimant Bradley's motion to dismiss on this additional ground must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that claimant's motion for judgment on the pleadings is **GRANTED** to the extent that the forfeiture claim is founded on an unlawful search and seizure under *Arizona v. Gant*, and the motion is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed without prejudice and that plaintiff is allowed 20 days to file an amended complaint, except that failure of plaintiff to so amend the complaint shall render the dismissal with prejudice.

On this   14th    day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE